SAME v. SAME.

29  679
53  473

[FILED MAY 20, 1890.]

1. **Vendor's Lien.** A vendor of lands who has contracted to convey, but has made no conveyance, is entitled to a lien for a balance of the purchase money upon the lands in the hands of the vendee's grantee who took with notice.

2. ———: SUBROGATION. Where lands were sold to two persons as co-tenants, one of whom afterwards sold to the other, the vendee agreeing to pay the balance of the original purchase money, and this vendee afterwards granted to a third party under a similar contract, the latter was not, by reason of discharging

such balance, subrogated to the lien of the original vendor so as to prevent a lien from attaching in favor of the one who sold to his co-tenant.

3. ———: VENDEE: NOTICE. A vendee who pays a part of the consideration after notice of an adverse equity is not a *bona fide* purchaser as to the amount so paid.

ON rehearing.

NORVAL, J.

After the filing of the opinion in this case the Hawleys and Briscoe and Van Duyn each filed a motion for a rehearing. It is claimed by Briscoe and Van Duyn that they having acted upon the agreement of Mrs. Birdsall to take a mortgage from Cropsey upon the Adams county land for her equity in the land conveyed to them, and paid a portion of the purchase price and agreed to pay the remainder before Mrs. Birdsall notified them that Cropsey refused to execute the mortgage, she and the plaintiff claiming under her are estopped to claim any lien upon the land conveyed to Briscoe and Van Duyn. True, a portion of the consideration had been paid to the Hawleys and a mortgage had been given for a part before Briscoe and Van Duyn were notified that Cropsey refused to execute the mortgage. The plaintiff, however, was not given a lien because the mortgage received by the Hawleys had not been paid when Briscoe and Van Duyn received the notice, but because they had not then conveyed the Adams county land. That part of the consideration was still in their hands, and they fully understood that as a condition for the release by Mrs. Birdsall of her equity in the property in controversy, she was to receive the mortgage from Cropsey. After receiving the notice Briscoe and Van Duyn could have protected themselves, as well as Mrs. Birdsall, by refusing to convey the Adams county land to Cropsey.

Counsel also insists that as the Hawleys had the first

lien upon the premises for the amount of the unpaid purchase money due them under their contract with the Cropseys and Mrs. Birdsall, Briscoe and Van Duyn should be subrogated to the rights of the Hawleys to the amount of their lien, and should, therefore, be repaid the one-third of the remaining purchase price which they paid the Hawleys before the appellant's lien could attach. Briscoe and Van Duyn purchased from Cropsey and received the conveyance from him. Part of the consideration went to the Hawleys and the balance to Cropsey. Under the contract entered into between Mrs. Birdsall and Cropsey it devolved upon the latter to pay the Hawleys the balance of the purchase price. The payment made by Briscoe and Van Duyn to the Hawleys was, under the circumstances, a payment by Cropsey. He acquired no lien on account of this payment, and Briscoe and Van Duyn acquired no greater rights than Cropsey, their grantor, had. Upon a re-examination of the case we are satisfied that the plaintiff is entitled to the lien as allowed by the former opinion, and Briscoe and Van Duyn's application for a rehearing is therefore denied.

The Hawleys were entitled to their money. That they have received and nothing more. They are not liable for the act of Briscoe and Van Duyn in conveying the Adams county land, and are therefore not affected by the lien of the plaintiff. The decree of the district court in dismissing the plaintiff's bill as to the Hawleys is right, and is affirmed as to them. The original opinion is modified accordingly.

JUDGMENT ACCORDINGLY.

THE other judges concur.